The opinion of the court was delivered by
Fenner, J.
Defendant was indicted for rape and the verdict of the jury was “ guilty of an assault with intent to commit rape.” Such verdict is authorized by See. 1053, Revised Statutes, which provides that when a person is indicted for any crime or misdemeanor, “the jury shall be at liberty to return as their verdict that the defendant is not guiity of the crime or misdemeanor charged, but is guilty of an attempt to commit the same,” etc.
The defendant complains, on motion in arrest, that the verdict is not responsive to the charge, and does not comply with the statute in that it does not pass upon his innocence or guilt of the crime charged.
This is a quibble; the meaning and effect of the verdict are to find the accused not guilty of the crime charged.
*83 Mr. Wharton lays it down as a fundamental rule that “a verdict of guilty on one count, saying nothing as to other counts, is equivalent to a verdict of not gidlty as to such other counts.” 3 Wh. Cr. L., Sec. 3180.
The same principle clearly applies to this case.